IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DARNELL NOLLEY,

    Petitioner,

v.

THOMAS GRAMIAK,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-91

**O R D E R**

Petitioner, an inmate at Ware County Jail in Waycross, Georgia, has filed an action under 28 U.S.C. § 2254 contesting the legality of his confinement. (Doc. 1.) Petitioner has also filed a Motion for leave to proceed in this case *in forma pauperis*. (Doc. 2.) It appears that Petitioner seeks to attack a conviction obtained in the Superior Court of Walton County, Georgia.

The Court notes that while it has jurisdiction over this petition because Petitioner is incarcerated within this District, it is prudent to address the venue of this action. All applications for writs of habeas corpus, including those filed under 28 U.S.C. § 2254, by persons in state custody, are governed by 28 U.S.C. § 2241. Medberry, 351 at 1062. For a person who is "in custody under the judgment and sentence of a [s]tate court", Section 2241(d) specifies the "respective jurisdictions" where a Section 2254 petition may be heard. Under Section 2241(d), a person in custody under the judgment of a state court may file his Section 2254 petition in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926, 933 n. 9 (11th Cir.2001). Therefore, the Court may, "in the exercise of its discretion

and in furtherance of justice", transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d).

Petitioner seeks to attack his Walton County Superior Court conviction. (Doc. 1, p. 1.) Walton County is located within the jurisdiction of the United States District Court for the Middle District of Georgia, Athens Division. 28 U.S.C. § 90(b)(5). In light of the foregoing, the Court concludes that a transfer of this case to the Middle District of Georgia for review and disposition is appropriate. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497, (1973) (In enacting Section 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."); Eagle, 279 F.3d at 933, n. 9 (noting the practice in district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

Therefore, IT IS HEREBY ORDERED that this action shall be **TRANSFERRED** to the United States District Court for the Middle District of Georgia, Athens Division, for further consideration. The Clerk of Court is hereby **DIRECTED** to transfer this case to that court.

**SO ORDERED**, this 24th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA